UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA R. GREGORY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 16-cv-12572
Hon. Matthew F. Leitman

**<u>OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTION (ECF #31) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #30), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION, (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #23), (4) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #29), AND (5) REMANDING APPLICATION FOR BENEFITS FOR FURTHER ADMINISTRATIVE PROCEEDINGS</u>**

In this action, Plaintiff Sandra R. Gregory challenges the denial of her application for supplemental security income ("SSI"). After the parties filed cross-motions for summary judgment, the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that the Court (1) deny Defendant Commissioner of Social Security's motion for summary judgment and (2) grant Gregory's motion for summary judgment to the extent that Gregory requests her application for benefits be remanded to the Commissioner for further administrative proceedings (the "R&R"). (*See* ECF #30.) The Commissioner filed a timely

1

objection to the R&R (the "Objection"). (*See* ECF #31.) The Court has conducted a *de novo* review of the portions of the R&R to which the Commissioner has objected. For the reasons stated below, the Court **OVERRULES** the Objection, **ADOPTS** the recommended disposition of the R&R, **GRANTS** Gregory's motion for summary judgment in part, **DENIES** the Commissioner's motion for summary judgment, and **REMANDS** this action for further administrative proceedings.

# I

## A[1]

On July 29, 2013, Gregory filed her application for SSI (the "Application"). (*See* Admin. R., ECF #10-5 at Pg. ID 149-54.) In the Application, Gregory alleged that she became disabled on July 31, 2011. (*See id.*) She later amended the onset date of disability to July 29, 2013. (*See id.* at Pg. ID 176.) Gregory said in the Application that she suffered from, among other things, bilateral knee pain, hypertension, and back pain. (*See* Admin R., ECF #10-6 at Pg. ID 182.) The Social Security Administration (the "SSA") denied the Application because it found that Gregory was not disabled. (*See* Admin. R., ECF #10-4 at Pg. ID 96-99.)

Gregory thereafter requested and received a *de novo* hearing before administrative law judge Dennis M. Matulewicz (the "ALJ"). The ALJ held that

---

[1] The Court recites only the facts relevant to the Commsisioner's Objection. A full description of the facts is available in the R&R.

hearing on January 16, 2015. Gregory and an impartial vocational expert testified at the hearing. In addition, Gregory submitted treatment notes from her treating physician, Dr. Rose Ibrahim of the Romulus Medical Clinic. (*See* Admin R., ECF #10-7 at Pg. ID 263, 270-80.) Gregory saw Dr. Ibrahim on at least nine occasions between July 2013 and June 2014. (*See id.*) Dr. Ibrahim diagnosed Gregory with osteoarthritis and scoliosis, and at various times she prescribed Gregory pain medication and physical therapy, referred Gregory to a bone doctor, and restricted Gregory from the physical activities of lifting, pulling, and/or pushing. (*See id.*)

On March 6, 2015, the ALJ issued a written decision in which he affirmed the SSA's denial of benefits. (*See* Admin. R., ECF #10-2 at Pg. ID 41-48.) In the ALJ's decision, he found that Gregory suffered from the following severe impairments: "Moderate Joint Effusion of the Right Knee with mild size Baker's Cyst, Mild Spondylosis, Hypertension, and Left Knee Meniscus Tear." (*Id.* at Pg. ID 43.) The ALJ nonetheless concluded that Gregory was not disabled and that there were jobs that existed in significant numbers in the national economy that Gregory could perform. (*See id.* at Pg. ID 47-48.) In reaching this conclusion, the ALJ gave "no weight" to Dr. Ibrahim's opinion. (*Id.* at Pg. ID 46.) The ALJ's analysis of Dr. Ibrahim's opinion, in full, was three sentences:

> During treatment at the Romulus Medical Clinic, the claimant was instructed against lifting, pushing, or pulling, to attend physical therapy twice a week, to lose weight, diet, and exercise. However, these instructions are vague,

> as they do not specify the particulars of the claimant's functionality, and they are non-durational. Accordingly, the undersigned assigns no weight to this opinion.

(*Id.*; internal citation omitted).

## B

On July 8, 2016, Gregory filed this action in which she challenges the SSA's denial of benefits. (*See* Compl., ECF #1.) Gregory and the Commissioner then filed cross-motions for summary judgment. (*See* Gregory's Mot. Summ. J., ECF #29; Commissioner's Mot. Summ. J., ECF #23.)

The Court referred the cross-motions to the assigned Magistrate Judge. On August 16, 2017, the Magistrate Judge issued the R&R in which he recommended that the Court deny the Commissioner's motion and grant Gregory's motion to the extent she seeks a remand of the Application to the Commissioner for further administrative proceedings. (*See* R&R, ECF #20.) In arriving at this recommendation, the Magistrate Judge carefully analyzed the arguments that the Commissioner made in her motion for summary judgment. The Magistrate Judge ultimately concluded that the ALJ failed to provide "good reasons" for according "no weight" to the opinion of Gregory's treating physician, Dr. Ibrahim, and that this failure "require[d] a remand for further proceedings." (*Id.* at Pg. ID 462-65.)

On August 24, 2017, the Commissioner filed the Objection. (*See* ECF #21.) In the Objection, the Commissioner argues that the Magistrate Judge "incorrectly

applied the treating source rule to the opinion of Dr. Rose Ibrahim." (*Id.* at Pg. ID 471.) The Commissioner insists that the ALJ properly evaluated Dr. Ibrahim's opinion and that a remand is therefore unwarranted. (*See id.*)

## II

### A

Where a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B

In reviewing the disputed findings of an ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "[A] court is obligated

5

to remand for further administrative proceedings if there are any unresolved essential factual issues." *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

### III

In the Commissioner's sole objection to the R&R, she insists that the Magistrate Judge "incorrectly applied the treating source rule to the opinion of Dr. Rose Ibrahim, impermissibly reweighed the evidence [with respect to Dr. Ibrahim's opinion], and misapplied the substantial evidence standard of review" when the Magistrate Judge rejected the ALJ's evaluation of Dr. Ibrahim's opinion. (Objection, ECF #31 at Pg. ID 471.) The Court disagrees.

"In assessing the medical evidence supporting a claim for disability benefits, the ALJ must adhere to certain standards. One such standard, known as the treating physician rule, requires the ALJ to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Treating physicians are typically accorded additional weight because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or

6

brief hospitalizations." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Accordingly, "the ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Id.* (quoting *Wilson*, 378 F.3d at 544).

"If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id.* Indeed, even if an "ALJ correctly reache[s] [the] determination that [a treating physician's opinion] should be discredited," that "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors [described above]." *Id.* at 408 (internal citations and punctuation omitted). Finally, where an ALJ discounts a treating physician's opinion, the ALJ must provide "good reasons" for doing so. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers

7

the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 406-07 (quoting Soc. Sec. Rule 96-2p, 1996 WL 374188, at *5). And an ALJ must specifically articulate these "good reasons" even if ALJ's ultimate conclusion with respect to the claimant's disability can be supported by other evidence in the record:

> Because the reason-giving requirement exists to 'ensur[e] that each denied claimant receives fair process,' we have held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given "*denotes a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based upon the record.'"

*Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)) (emphasis in *Blakely*).

It is undisputed that Dr. Ibrahim was Gregory's treating physician. As quoted above, the ALJ rejected Dr. Ibrahim's opinion with respect to Gregory's diagnosis, treatment regimen, and physical restrictions in just three sentences. The first sentence described Dr. Ibrahim's opinion, the second sentence explained that the opinion was "vague," did "not specify the particulars of claimant's functionality," and the restrictions Dr. Ibrahim prescribed were "non-durational," and the final sentence concluded that Dr. Ibrahim's opinion was entitled to "no weight." (Admin R., ECF #10-2 at Pg. ID 46.)

8

The ALJ's evaluation of Dr. Ibrahim's opinion was inadequate and failed to comply with the treating source rule. Indeed, in rejecting Dr. Ibrahim's opinion, it appears that the ALJ considered *none* of the factors that an ALJ "must" evaluate when reviewing the opinion of a treating physician, such as the "length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakely*, 581 F.3d at 406.

Nor did the ALJ provide sufficient "good reasons" for rejecting Dr. Ibrahim's opinion. Indeed, the ALJ's one sentence of actual analysis included no citations to, or analysis of, Dr. Ibrahim's treatment notes. Because the ALJ's perfunctory rejection of Dr. Ibrahim's opinion does not "permit[] meaningful review of the ALJ's application of the [treating physician] rule," it is both insufficient and inadequate. *Wilson*, 378 F.3d at 544.

Finally, even if the ALJ believed that Dr. Ibrahim's opinion was not entitled to controlling weight, the ALJ further erred by summarily assigning that opinion "no weight" without sufficiently explaining the basis for that conclusion. *See id.* at 408 (concluding that ALJ erred where ALJ "summar[ily] rejected" treating physician's opinion and provided it no weight). The ALJ therefore failed to comply with the

9

treating physician rule, and a remand of Gregory's application for benefits is appropriate.

None of the Commissioner's arguments against remand are persuasive. The Commissioner first takes issue with the Magistrate Judge's finding that "the ALJ did not identify Dr. Ibrahim by name or title" and that it was therefore "unclear whether [the ALJ] recognized that [] Dr. Ibrahim was a treating source and that her opinions were entitled to deference." (R&R at Pg. ID 464.) According to the Commissioner, "the ALJ's failure to identify Dr. Ibrahim name is not, alone, enough to deprive the decision of substantial evidentiary support." (Objection at Pg. ID 472.) That is surely correct. But the Magistrate Judge did not recommend a remand based solely on the ALJ's failure to identify Dr. Ibrahim by name. Instead, the Magistrate Judge explained that that failure was just one of many deficiencies in the ALJ's consideration of Dr. Ibrahim's opinion; it was not dispositive.

Second, the Commissioner argues that the Magistrate Judge erred when he concluded that the restrictions Dr. Ibrahim placed on Gregory's pushing, pulling, and lifting were "ongoing for a period of at least one year." (Objection at Pg. ID 473.) Relatedly, the Commissioner says that the Magistrate Judge "impermissibly reweighed the evidence" when he suggested that "the more reasonable interpretation of the evidence was that Dr. Ibrahim intended the limitations to be continuous for at least one year." (*Id.*; internal quotation marks and emphasis removed.) The Court

agrees with the Commissioner that Dr. Ibrahim's treatment recommendations included different restrictions at different periods of time. But even if the Magistrate Judge misinterpreted the medical records from Dr. Ibrahim, the Commissioner has not explained how or why that excuses either the ALJ's failure to provide "good reasons" for discounting Dr. Ibrahim's opinion or the ALJ's decision to accord that opinion "no weight." Indeed, the Commissioner's examination of Dr. Ibrahim's treatment notes in this portion of the Objection goes far beyond the one-sentence perfunctory review included in the ALJ's ruling and provides an example of the kind of analysis that is conspicuously absent from that decision.

Third, the Commissioner maintains that "the ALJ may implicitly provide good reasons for rejecting Dr. Ibrahim's opinion." (Objection at Pg. ID 475.) The Commissioner insists that "the ALJ discussed evidence that conflicted with the limitations Dr. Ibrahim suggested, and thereby provided a supportable reason to discount those limitations." (*Id.*) In support of this argument, the ALJ relies upon the Sixth Circuit's unpublished decision in *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 472 (6th Cir. 2006). In *Nelson*, the Sixth Circuit held that the ALJ in that case had "adequately" addressed a treating source's opinions by "indirectly attacking both the consistency of those opinions with the other record evidence and their supportability." *Id.* Thus, the Commissioner says that *Nelson* supports her

11

position that the ALJ did not need to directly address Dr. Ibrahim's conclusions in detail before rejecting them.

*Nelson* is the exception, not the rule, and it is therefore no help to the Commissioner. In fact, in the *Nelson* ruling itself, the Sixth Circuit went out of its way to "note" that *Nelson* was a "*rare* case of the ALJ's analysis meeting the goal of the rule even if not meeting its letter. The Commissioner's own regulations and our case law state that the Commissioner *must* provide good reasons for rejecting the medical opinion of a treating source." *Id.* (emphasis added).

This is not the "rare" case in which an ALJ's complete rejection of a treating physician's opinion is sufficient despite not confirming to the "letter" of the treating physician rule. The ALJ's bare analysis here does not come close to qualifying for a special exception to the general rule. Indeed, in published decisions issued both before *and* after *Nelson*, the Sixth Circuit has repeatedly remanded actions where, as here, the ALJ failed to provide "good reasons" for discounting a treating physicians' opinion. *See Wilson*, 378 F.3d at 546 (reversing judgment in favor of Commissioner and remanding for further administrative proceedings where "the ALJ failed to clarify whether [the treating physician's] opinion was not 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' or was 'inconsistent with the other substantial evidence in [the] case record,' 20 C.F.R. § 404.1527(d)(2), did not identify the evidence supporting such a finding, and did

12

not explain its application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight given to [the treating physician's] opinion"); *Blakely*, 581 F.3d at 407 (reversing and remanding for further administrative proceedings where "the ALJ violated Agency regulations by failing to adequately explain the weight given to the treating physicians in her decision").[2]

Finally, the Commissioner argues that there was "substantial evidence" in the record that supported both the ALJ's decision to discount Dr. Ibrahim's opinion and his conclusion that Gregory was not disabled. (Objection at Pg. ID 476-77.) But the Sixth Circuit has made clear in published decisions – not addressed by the Commissioner – that courts "cannot excuse a denial of a mandatory procedural protection," such as the treating physician rule, "simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion, and thus, a different outcome on remand is unlikely." *Wilson*, 378 F.3d at 546. The ALJ's failure here warrants a remand – even if there is other evidence in the record that supported his final conclusion that Gregory was not disabled. On remand, the ALJ may again reject Dr. Ibrahim's

---

[2] *See also Halloran* v. *Comm'r of Soc. Sec.*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion").

opinion, but if he does so, he must explain in substantially more detail the "good reasons" for doing so.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- The Commissioner's Objection to the R&R (ECF #31) is **OVERRULED**;

- The Magistrate Judge's recommended disposition in the R&R (ECF #30) is **ADOPTED**;

- Gregory's Motion for Summary Judgment (ECF #29) is **GRANTED** to the extent it seeks a remand for further administrative proceedings;

- The Commissioner's Motion for Summary Judgment (ECF #23) is **DENIED**; and

- Gregory's application for SSI is **REMANDED** to the Commissioner for further administrative proceedings consistent with this Order and the R&R.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113